## In re TIMMERMANN.
### No. 23641.
District Court, D. Oregon.
Feb. 15, 1939.

John F. Kilkenny (of Raley, Kilkenny & Raley) of Pendleton, Or., for petitioner.

George R. Lewis, of Pendleton, Or., for debtor.

McCOLLOCH, District Judge.

When the Lord said unto Cain: "Where is thy brother," it is recorded that Cain replied "I know not. Am I my brother's keeper?" The Scripture does not relate that Cain's counter-question was ever answered, thus leaving each case of unbrotherly strife to be determined on its own facts.

In this bitter lawsuit between brother and brother, which comes from Umatilla county, it appears that affectionate and provident parents left two brothers, John Timmermann, the debtor herein, and Ernest Timmermann, a body of valuable wheat land, but apparently little brotherly affection was included in the parental heritage; for now, John, the debtor herein, claims that Ernest has borrowed $12,-000 on the property which Ernest inherited from the common parents, for the sole purpose of acquiring and foreclosing the mortgage of $16,500 which John is unable at this time to pay off in full on his share of the family estate. John offers to pay interest on his mortgage, now held by Ernest, at the rate of 7% per year, to keep the taxes on the mortgaged land from becoming further delinquent, by paying each year's taxes promptly as they become due, and, in addition, to assign to his litigious brother one-half of the gross yield in grain from a total of 605 acres, a proposition which the very able Conciliation Commissioner of Umatilla county reports will certainly yield to the creditor brother more than twice the usual and reasonable rental of the mortgaged premises.[1] Indeed, it appears that, to avert foreclosure, the debtor brother tendered a cashier's check for the interest to date, as well as one year's taxes, totalling $1,405; but Ernest, whose name apparently has special significance, demanded the full amount of the mortgage, principal and interest, and directed foreclosure to proceed, with the attendant additional costs and charges.

One must travel a long ways to find another such exhibition of unbrotherly greed and obstinacy. The debtor brother values his real estate at $43,000, and he obviously has ample resources, after allowing for substantial shrinkage in values, with which to pay the mortgage debt, as well as all other indebtedness, and obviously, as found by Commissioner Johnson, he

---

[1] The rental provided by the Frazier-Lemke Act is "the usual customary rental in the community where the property is located, based upon the rental value, net income, and the earning capacity of the property." 11 U.S.C.A. § 203(s) (2).

has acted in entire good faith throughout. Like Abel, whom Cain slew when they were in the field, John in this case has been stricken from a quarter where men normally may expect support, sympathy and affectionate cooperation.

Given a reasonable opportunity to arrange his affairs, the debtor can without doubt save himself from the financial fratricide with which he is now threatened. It will be the aim of the Court to give him such opportunity.

The report of the Conciliation Commissioner is adopted, the motion to dismiss the proceedings denied, and foreclosure of the mortgage as well as all other proceedings by petitioner's creditors are stayed until further order.